Stanley A. LA FARGUE,
Plaintiff–Appellant,

v.

The SUPREME COURT OF LOUISI-
ANA, Defendant–Appellee.

No. 80–3374
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 16, 1981.

---

Stanley A. LaFargue, pro se.

Kendall L. Vick, Patricia Nalley Bowers, Paul A. Eckert, Staff Attys., La. Dept. of Justice, New Orleans, La., for defendant–appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

The Louisiana Courts of Appeal are not only Louisiana's intermediate appellate courts, but no appeal lies from their determination. L.S.A. R.S. 13:4450. Their judgments are subject to review by the Louisiana Supreme Court only by application of writs.

Stanley LaFargue contends that the Louisiana Supreme Court is derelict in its duty with respect to civil litigation because, he alleges, it is so burdened with criminal appeals that it must deny 85% of all civil writs. Neither the complaint nor the brief demonstrates why, even if the facts asserted be true, LaFargue's federal constitutional rights have been violated. The complaint charges not the slightest encroachment on LaFargue's rights in any specific matter but only that he and "all who appeal (sic) their matters to the Supreme Court" are denied "their rights of due process and equal protection."

The federal constitution permits us to consider only cases and controversies. This prohibits federal courts from deciding issues raised by parties who do not have a personal interest in the litigation. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). LaFargue does not even allege that he has been denied either due process or equal protection in any matter. In his brief, although not in his complaint, he says he had "been involved in a lawsuit and had, in early 1979, applied to the Louisiana Supreme Court for writs of certiorari or review, which application was denied." Even this does not charge denial of his own constitutional rights.

No litigant in the federal courts may appear as a self designated ombudsman for the rights of others. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). We, therefore, do not even reach the question whether the due process clause imposes any duty on a state Supreme Court that is violated by its decision to grant or deny

applications for writs, *see Ortwein v. Schwab,* 410 U.S. 656, 660, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), or the degree to which, if at all, equal protection requires a court to give proportionate amounts of its time to various types of litigation. *See, San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 51, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

Considering the face of his complaint and the arguments raised on appeal, we consider the appeal as frivolous. Because, however, Mr. LaFargue is appearing pro se, without the benefit of counsel, and because our liberal policy toward pro se litigants recognizes that they lack the judgment of the professional, we have decided not to tax double costs or assess attorney's fees in this instance.

The judgment of the District Court is AFFIRMED.